**ALMA MOTOR COMPANY**

v.

**The UNITED STATES.**

No. 48560.

United States Court of Claims.

Oct. 4, 1955.

I. Joseph Farley, Detroit, Mich, for plaintiff.

Bernard Wohlfert, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

This is a suit for patent infringement. Plaintiff alleges that its patent No. 2,-173,044 was infringed by the United States through its War and Navy Departments which caused to be manufactured, purchased, and used, numerous trucks and vehicles equipped with infringing transmission mechanisms during the years 1942 to 1946 inclusive. It is contended that these transmission mechanisms embodied inventions disclosed by claims 5 and 8 of plaintiff's patent.

Plaintiff also seeks royalties alleged to have been withheld by virtue of a Royalty Adjustment Order. At pretrial it was stipulated that the questions of validity and infringement of the patent be first determined upon full proofs, argument of counsel, and findings of fact. The issue of compensation and royalties withheld, if any, is deferred until the accounting phase of this proceeding.

Patent No. 2,173,044 was issued September 12, 1939, to plaintiff on an application filed February 23, 1935, by Frank W. Ruggles and Charles D. Smith and is entitled "Auxiliary Transmission Mechanism for Four-Wheel-Drive Automotive Vehicles." Title to this patent is not in issue.

We will consider first the questions of the validity and infringement of claims 5 and 8 of the patent.

In general, the structure disclosed by the patent consists of a supplemental two-speed gear system enclosed in a housing adapted to be mounted on the frame of the vehicle adjacent the rear of the conventional transmission. The system is constructed for the specific purpose of converting a light conventional truck, having a two-wheel rear axle drive, into a four-wheel drive truck. A second object of the invention is to provide a gear system that will permit the driver to utilize the two-wheel drive on good roads,

and also to make use of a four-wheel drive when the operating conditions are such that extra tractive effort is needed.

More specifically, the structure disclosed in the patent consists of a housing or casing in which is contained a series of four shafts, *viz.*, a power input shaft, a primary power output shaft, a counter shaft, and a secondary power output shaft. A drawing of this structure is contained in finding 4 of the accompanying findings of fact. As shown in the drawing, the input shaft has its inner end journaled in a bearing carried by the inner end of the primary output shaft which extends outwardly from the right-hand side of the casing. This output shaft is connected to the rear axle of the vehicle. The inner end of this output shaft has fixed thereto an enlarged portion, the exterior of which is provided with gear teeth, and the interior recessed surface of which is provided with internal teeth to function as the female member of a clutch.

The portion of the power input shaft located within the casing is provided with a series of splines upon which a slidable gear is mounted. This gear rotates at all times with the power input shaft because of the splined connection, and may be moved to any one of three positions along the shaft by means of a shiftable fork. When moved to the position on the extreme left it is in engagement with a gear which is fixed to and rotatable with the countershaft. If, however, the slidable gear is moved to the right it will become disengaged from the countershaft gear. This is the neutral position in which nothing rotates but the input shaft and gear. If the slidable gear is moved to the extreme right, its teeth will engage the internal clutch teeth fixed to the end of the primary power output shaft, thus connecting the primary power output shaft to the power input shaft and forming a direct drive.

The countershaft which is vertically below and parallel with the axially aligned power input and output shafts has fixed thereto and adjacent each end a gear. The gear at the right-hand end of the countershaft is at all times meshed with the gear immediately above, which, in turn, is fixed to the primary power output shaft. When the splined gear on the power input shaft is in the left-hand position the power input is applied to the left-hand countershaft gear at a reduced speed ratio, dependent upon ,the relative diameter of these two gears. This power is in turn applied through the countershaft to the right-hand countershaft gear and thence to the primary power output shaft at a reduced ratio. A secondary power output shaft, which is also parallel to the other shafts, is mounted in a vertical plane below the other shafts. This shaft carries at its right-hand end a rotatable gear which is also in constant mesh with the right-hand countershaft gear and in addition is the same diameter as the gear fixed in the casing on the inner end of the primary output shaft. This permits driving both the primary and secondary output shafts at the same speed, the torque being simultaneously applied from diametrically opposite points on the periphery of the right-hand countershaft gear, which points are in the same plane in which all of the parallel shafts and their bearings are mounted.

The secondary output shaft, which is connected to a front-wheel drive, is provided with a spline and clutch for engagement with the rotatable gear thereon, so that the front-wheel drive may either be utilized or disconnected by the driver of the vehicle.

This structure thus provides a two-speed supplemental drive mechanism by means of which the conventional rear-wheel drive automotive vehicle may be converted into a four-wheel drive when desired.

The two claims in suit are as follows:

Claim 5:

A power transmission unit for automobiles comprising, as a unitary structure, a shell structure having journaled therein,

*(a)* a power receiving shaft connectible to the power delivery train of a motor,

(b) a power delivery shaft aligned with said power receiving shaft and connectible at its outer end with a shaft leading to rear traction wheels,

(c) an intermediate shaft and

(d) a second power delivery shaft connectible at one end with a shaft leading to front traction wheels,

a gear carried by shaft (d),

a gear carried by shaft (c) and meshing with said last mentioned gear,

a gear carried by shaft (b) and meshing with the gear carried by shaft (c),

a second gear carried by shaft (c),

a clutch carried by shaft (b),

and a gear splined upon shaft (a) and meshable with the second gear on shaft (c) or clutchable with the clutch of shaft (b).

Claim 8:

In a power transmitting mechanism,

(1) a gear casing,

(2) a power input shaft journaled in said casing and projecting away from one face thereof,

(3) a primary power output shaft journaled in said casing and axially aligned with said power input shaft,

(3a) said primary power output shaft projecting beyond the opposite face of said casing and adapted to have power taken therefrom,

(4) a secondary power output shaft journaled in said casing and disposed parallel to said first named shafts,

(4a) said secondary power output shaft projecting beyond a face of said casing and adapted to have power taken therefrom,

(5) and power transmitting means disposed in said casing, comprising

(5a) a countershaft disposed parallel to, and in the plane of said power input and output shafts,

(5b) and gears for simultaneously transmitting power from said input shaft to said primary and secondary power output shafts,

(5c) said power transmitting means being selectively operable to disconnect said power input shaft from said power output shafts,

(6) the gears on said output shafts are of the same size.

We agree with the Commissioner's finding 21 that claim 8 is invalid since all of the elements set forth in this claim are disclosed in the prior art. The publication "The Automobile Engineer" published in 1931 discloses a two-speed auxiliary transmission for use in driving both front and rear axles of a motor vehicle. This mechanism is entitled "Hardy auxiliary two-speed gear and front wheel drive," and consists of a casing containing four shafts located in a single plane. A drawing of this structure is reproduced in finding 18. As revealed in the drawing, the input shaft from the conventional transmission is located at the bottom left of the casing and is provided with a combination gear and clutch member at its inner end. A second shaft which is in axial alignment with the input shaft functions as the primary output shaft to drive the rear axle. This shaft carries a slidable gear splined thereon which may be moved to any one of three positions along the shaft. When moved from a neutral position in the middle to a position at the left end of the splined section, this slidable gear engages the clutch teeth of the gear member mounted on the inner end of the input shaft, thus providing a direct drive from the input shaft to the primary output shaft to the rear axle. The Hardy mechanism includes a countershaft located above and parallel to the input and primary output shafts, and having mounted thereon two gears connected to rotate together on the countershaft. The larger of these gears which is mounted on the left side of the countershaft, engages the gear located on the inner end of the input shaft and is continually driven thereby. A secondary output shaft is located above the countershaft, this shaft being connected to drive the front wheels of the vehicle. The portion of this shaft located in the interior of the casing is provided with a series of splines upon which a slidable gear is mounted. When this gear is moved to the

left on the splined portion it passes out of mesh with the smaller gear located on the right side of the countershaft. As long as it remains in this position the secondary output shaft is not driven and power is not applied to the front wheels. Thus power may be applied to the rear axle alone in direct drive. However, when the two sliding gears located on the primary and secondary output shafts are moved to the right into meshing relation with the smaller gear mounted on the right of the countershaft, a low speed drive is provided to both the front and rear wheels. These slidable gears are connected by a yoke to a single gearshift lever so that they may be moved in unison. They are the same size so that there will be no undue wear upon the tires of the vehicle, and they are located so as simultaneously to receive power flow from the countershaft.

The function and operation of the Hardy auxiliary transmission above described when operating in low-speed position is substantially identical with the function and operation of the claim 8 structure described by the patent in suit when operated in the low-speed position. It is noted that the various elements set out in claim 8 are all present in the Hardy structure and therefore claim 8 is invalid because of this publication.

■ Plaintiff contends that claim 8 must be construed in the light of the specifications and drawings and that the "power transmitting means" clause of claim 8 must be limited to the means disclosed in the patent in suit. In our opinion this contention is unsound. While the phraseology of claim 8 is rather broad, it is clear and unambiguous and does not require reference to patent specifications and drawings. An inventor is bound by his claims as written, and the court cannot read limitations into such claims for the purpose of limiting them and saving them from anticipation. Great Western Mfg. Co. v. Lowe, D.C., 13 F.2d 880, 881. Since all of the elements enumerated in claim 8 may be found in the prior Hardy structure, the claim is anticipated.

Furthermore, claim 8 is also anticipated by United States patent to B. A. Reif, No. 1,296,216, issued March 4, 1919. This patent describes a transmission providing three forward speeds for driving both the front and rear wheels of a motor vehicle. The Reif transmission consists of a casing containing three parallel shafts in the same plane. A drawing of this mechanism is contained in finding 19. As may be seen from the drawing the input shaft from the engine is journaled in the casing at the upper right-hand end. An output shaft is in axial alignment with the input shaft and drives the rear wheels of the vehicle. The output shaft is provided with splines upon which two slidable gears are mounted, one on each end portion. A third gear is located between the two slidable gears and is fixed to the mid-portion of the output shaft. The slidable gear on the right is provided with a shoulder clutch at its right-hand end which is adapted to engage a corresponding shoulder formed on the adjacent end of the engine shaft. When this slidable gear is moved from a neutral position to the right, causing engagement of these shoulders, a direct drive connection is provided between the engine shaft, the slidable gear and the output shaft.

When the slidable gear on the right-hand end of the output shaft is moved to the left from a neutral position it meshes with a gear fixed upon the countershaft near its middle. The countershaft is located below the output shaft and is driven by means of a gear which is fixed on the inner end of the input shaft which, in turn, meshes continually with a large gear located on the right-hand end of the countershaft. Therefore, when the slidable gear on the right-hand end of the output shaft is moved to the left to engage the gear fixed on the countershaft near its middle, a low speed drive is affected through the gear on the inner end of the input shaft to the large gear on the right-hand end of the countershaft and then to the gear located toward the middle of the countershaft, and back to the slidable gear mounted on the right-hand side of the output shaft.

The slidable gear mounted on the left-hand side of the output shaft is selectively movable to the right from a neutral position into engagement with a gear mounted on the countershaft toward its left-hand side. When the slidable gear on the right-hand end of the output shaft is in neutral and the slidable gear on the left-hand end of the output shaft is moved into engagement with the gear toward the left-hand side of the countershaft a still lower gear ratio is obtained in the gear box.

A shaft for driving the front wheels of the vehicle is located in the bottom of the casing. One gear is fixed upon the middle of this shaft for the purpose of transmitting power to it. This gear meshes with a gear located directly above it which is fixed loosely on the countershaft. This countershaft gear in turn meshes with the stationary gear fixed upon the center of the output shaft. Thus power is transmitted from the gear on the middle of the output shaft downward through the gear mounted on the center of the countershaft to the gear mounted on the front wheel drive shaft and then to the front wheels. The gear on the center of the output shaft is the same size as the gear on the front wheel drive shaft so that both of the axles are driven at the same speed.

An examination of claim 8 reveals that this claim reads on and finds full response in the Reif patent disclosure. Since claim 8 is anticipated by both the Reif patent and Hardy structure, it is invalid.

The next issue is the validity of claim 5. This claim is not as broad in scope as claim 8, and clearly defines the exact structure of the patent in suit. Neither the Reif patent nor the Hardy publication anticipates claim 5, since this claim is specific to the construction shown in the patent in suit and does not find response in these prior structures.

Defendant contends that claim 5 is anticipated by the German patent to Zahnradfabrik which is illustrated by a drawing reproduced in finding 16 of the findings of fact. We cannot accept de-fendant's contention. The German patent discloses a supplemental gear structure adapted to be installed between the engine and a conventional change gear mechanism of a vehicle. Its purpose and function is to provide an overdrive mechanism so that when desired, as in the case of light loads, the input shaft to the gear shift mechanism will be driven at more revolutions per minute than the engine shaft. It also provides for coupling the input shaft of the gear mechanism directly to the engine shaft at 1–1 ratio in the case of heavier loads.

Another feature of this German device is the provision of a mechanism which would permit the taking of power from an auxiliary power device which may be utilized for pumps, lifting devices, etc.

As shown in the drawing, the overdrive mechanism is mounted upon the left side of the gear casing. An output shaft extends from the lower part of the overdrive into the gear casing and is in alignment with a motor shaft which runs from the motor into the overdrive. A gear having both external teeth and internal claw teeth is fastened integrally upon the end of the motor shaft within the overdrive. The external teeth are in mesh with a gear fixed to the left-hand side of a countershaft which is above and parallel to the output shaft. A slidable gear is splined on the output shaft within the overdrive mechanism and when it is moved to the left it engages the claw teeth in the interior of the gear on the end of the motor shaft, and couples the motor shaft and output shaft together to form a direct drive through the overdrive mechanism. However, if the slidable gear on the output shaft is moved to the right it meshes with a large gear located on the right-hand side of the countershaft. When the slidable gear is in this position, the drive will be from the motor shaft through the external teeth of the gear on the inner end of the motor shaft to the gear on the left side of the countershaft, thence to the larger gear on the right side of the countershaft and down again to the

slidable gear on the output shaft. This arrangement causes the output shaft to rotate at a greater speed than the motor shaft.

A third shaft is mounted above and parallel to the countershaft. Its purpose is to provide an auxiliary power drive for any devices such as tippers, pumps, lifting devices, etc.

We cannot agree with the defendant's allegation that this German patent anticipates claim 5 of the patent in suit. Before the German patent could be said to anticipate claim 5 the following structural alterations in the overdrive mechanism would be necessary and would have to be made:

(1) The input shaft from the engine, output shaft to the gear box and the auxiliary shaft would have to be disconnected so as to no longer perform their functions.

(2) The overdrive device would then have to be removed from its position between the engine and the gearshift box and turned upside down and located to the rear of the gear box.

(3) The shaft which was formerly the power input shaft would have to be connected to drive a rear axle.

(4) The output shaft would have to be connected to function as the input shaft from the gear box.

(5) The shaft which was formerly utilized to drive the auxiliary device would have to be connected to a front wheel drive.

(6) The gear which formerly served to operate the auxiliary device at high speed would have to be removed.

(7) The two gears which were formerly located on the inner end of the engine shaft and extreme left of the auxiliary shaft would have to be provided with an identical number of gear teeth so that the front and rear axles would be driven at the same speed.

 To make these numerous changes and to give the device of the German patent a new function not suggested therein would be beyond the concept and skill of the mechanic in this particular art. A foreign patent is to be measured as anticipatory not by what might have been made of it, but by what is clearly disclosed by it. Steiner Sales Co. v. Schwartz Sales Co., 10 Cir., 98 F.2d 999, 1003, certiorari denied, 305 U.S. 662, 59 S.Ct. 364, 83 L.Ed. 430. The German patent discloses only an overdrive never intended for use as a four wheel drive. Claim 5 does not find response in the German patent. Since claim 5 is not anticipated by the German patent or by any other patent revealed in the prior art it is valid.

The final question is whether the auxiliary transmission cases manufactured or used by or for the defendant infringe claim 5 of the plaintiff's patent. The alleged infringing structures are identified as the T-32 type and the T-79 type. Drawings of these two types are reproduced in finding 8.

As revealed in the drawings, the vertical walls of the casing in both of these types of defendant's structures contain bearings supporting a series of shafts. The top shafts consist of a power input shaft and a primary output shaft in axial alignment, the power input shaft being adapted to connect to the rear end of the transmission output shaft. The primary output shaft in each case is connected to the rear wheels of the vehicle. The bottom shaft of each casing, termed the secondary output shaft, is adapted for connection to drive the front wheels of the vehicle. The countershaft of the T-32 type, which is located between the upper and lower shafts, has mounted thereon two gears, while the countershaft of the T-79 type has mounted thereon three gears. In both types the shafts are mounted parallel to one another and in the same plane. The bearings are also mounted in the walls of the casing in columnar relationship.

In the T-32 type of construction there is a combined clutch and gear member splined to the power input shaft. When this member is moved to the left-hand end of the spline, the gear teeth on the exterior thereof function as one mem-

ber of a clutch engaging with a series of interior teeth in the gear mounted on the inside end of the primary output shaft, thus connecting these two shafts together and forming a direct drive. This drive, in turn, is transmitted to the rear wheels of the vehicle, and may also be transmitted to the front wheel drive by means of the gear on the left-hand end of the countershaft which, in turn, engages with the gear just below it on the left-hand end of the secondary output shaft. When the splined member on the power input shaft is shifted to the right it is declutched from the gear member on the inner end of the primary output shaft and is engaged with the larger gear on the countershaft which it then drives at a reduced speed. Power is then transmitted from the left-hand gear on the countershaft simultaneously to the gears on the primary output shaft and the secondary output shaft. As these two last mentioned gears are of the same size both these shafts are driven at the same speed, irrespective of whether the direct drive or the reduced speed drive is utilized.

We are of the opinion that the phraseology of claim 5 of the patent in suit is fully applicable to the T–32 type of structure and that all the elements enumerated in claim 5 are present in the T–32 type. Thus since claim 5 is valid it is infringed by the T–32 type of structure.

The T–79 type differs from the T–32 type in two basic respects. While having the same parallel shafts mounted in bearings in the walls of the casing, and a gear splined upon the power input shaft, that gear is not clutchable with a clutch member on the inner end of the primary output shaft, which arrangement provides for the direct drive between the power input and primary output shafts of the T–32 device. In lieu of such arrangement, the T–79 structure has a splined gear on the power input shaft which when moved to the right-hand end of the splines engages a clutch member located in the interior of a gear rotatably mounted on the right-hand end of the power input shaft and located just outside the splined portion thereof. When this clutching action takes place this gear then drives the gear immediately below it, which is mounted on the countershaft. The drive is then through the countershaft to the gear on the left-hand end thereof, which, in turn, drives the gear mounted on the inner end of the primary output shaft. Thus a gear drive is established down to the countershaft from the power input shaft at the right-hand end of the casing and from the countershaft up to the gear on the primary output shaft and simultaneously down to a gear on the secondary output shaft.

The other difference between the two types is with respect to the low-speed drive. In the T–79 type the low-speed drive is obtained by driving the center gear on the countershaft from the splined gear mounted on the power input shaft. This drives the countershaft and its associated gear at the left-hand end thereof, which, in turn, drives the gears located above and below it and thus transmits torque to both primary and secondary output shafts.

Because of these two differences the phraseology of claim 5 is not applicable to the T–79 type of structure and claim 5 is not infringed by the T–79 mechanism.

For the reasons stated we conclude that claim 8 is invalid and that claim 5 is infringed by the T–32 type of structure. Plaintiff is entitled to recover compensation for this infringement. Evidence of the extent of the infringing use and the amount of compensation which the plaintiff should receive may be offered before a commissioner of the court, to whom the case will be referred for that purpose.

It is so ordered.

JONES, Chief Judge, and LARA-MORE, MADDEN and WHITAKER, Judges, concur.

### Findings of Fact

The court, having considered the evidence, the report of Commissioner Hay-

ner H. Gordon, and the briefs and argument of counsel, makes the following findings of fact:

1. This is a suit to recover just compensation and is based on two separate causes of action. The first cause of action alleges unauthorized use by or for the United States of devices covered by United States letters patent No. 2,173,-044 for "Auxiliary Transmission Mechanism for Four-Wheel-Drive Automotive Vehicles," issued September 12, 1939, to plaintiff on an application filed in the United States Patent Office on February 23, 1935, by Frank W. Ruggles and Charles D. Smith. The plaintiff, a corporation of the State of Michigan, owns the entire right, title and interest in the patent in suit.

2. The second cause of action seeks recovery for royalties withheld from plaintiff by virtue of Royalty Adjustment Order No. W–3 (plaintiff's exhibit 7) dated July 28, 1943, issued by the Bureau of Ordnance, United States Army, under the provisions of the Act of Congress approved October 31, 1942, Chapter 634, 56 Stat. 1013, 35 U.S.C.A. Appendix II, § 89, reducing to zero the royalties due plaintiff under a license agreement dated May 16, 1938, between plaintiff and The Timken-Detroit Axle Company.

A copy of the patent in suit (plaintiff's exhibit 1), and a copy of the Patent Office file wrapper and contents thereof (defendant's exhibit 1) which resulted in the patent in suit, are made a part of this finding by reference.

### The Patent in Suit

3. The patent in suit is entitled "Auxiliary Transmission Mechanism for Four-Wheel-Drive Automotive Vehicles." This structure as disclosed consists of a supplemental two-speed gear system enclosed in a housing adapted to be mounted on the frame of the vehicle adjacent the rear of the conventional transmission and constructed for the specific purpose of converting a light conventional truck having a two-wheel or rear axle drive, into a four-wheel drive truck. A further object of the invention is to provide a gear system in the supplemental mechanism that will enable the driver to utilize the two-wheel or rear axle drive on good roads, but also, when desired, to make use of a four-wheel drive when the operating conditions are such that extra tractive effort is needed.

The functional purposes of this device are summarized in the following phraseology of the specification—

"From the foregoing description it will be obvious that we have perfected a very simple, practical, and inexpensive driving mechanism by means of which the conventional rear wheel drive automotive vehicle can be converted into a four-wheel drive when desired."

4. As described and shown in the drawings of the patent, particularly Fig. 2, which is a cross-section of this mechanism and which is reproduced in connection with this finding, the auxiliary transmission mechanism consists of a housing or casing in which there are journaled a series of four shafts, *viz.*, a power input shaft $(a)$, a primary power output shaft $(b)$, a countershaft $(c)$, and a secondary power output shaft $(d)$. The input shaft and primary power output shaft are in axial alignment with each other and are located at the top of the casing as shown in Fig. 2. The input shaft, which is connected to the output shaft of the conventional transmission of the vehicle, has its inner end journaled in a bearing carried by the inner end of the primary output shaft which extends outwardly from the right-hand side of the casing as shown in Fig. 2. This output shaft is connected to the rear axle of the vehicle. The inner end of this output shaft has fixed thereto an enlarged portion, the exterior of which is provided with gear teeth, and the interior recessed surface of which is provided with internal teeth which function as the female member of a clutch.

Countershaft (c)

Primary power output shaft (b)

Power input shaft (a)

Secondary power out-
put shaft (d)

The portion of the power input shaft located within the casing is provided with a series of splines upon which a slidable gear is mounted. This gear, which is forced to rotate at all times with the power input shaft because of the splined connection, may assume any one of three positions along the shaft by means of a shiftable fork. In the position shown in Fig. 2, it is in engagement with a gear below which is fixed to and rotatable with the countershaft. If, however, this gear is moved to the right a sufficient distance it will then disengage with the countershaft gear. This is the neutral position in which nothing rotates but the input shaft. If this gear is now contemplated as being moved to the extreme right in Fig. 2, its teeth will engage the internal clutch teeth fixed to the end of the primary power output shaft, thus clutching the primary power output shaft to the power input shaft and permitting the input shaft to this supplemental transmission to drive the primary power output shaft at a 1-to-1 ratio.

5. As shown in the associated figure, the countershaft has fixed thereto and at each end a gear. This countershaft is located vertically below and parallel with the axially aligned power input and output shafts. It is mounted in bearings carried in the vertical walls of the sup-

plemental gear case, the two gears thereon being located as close as possible to each of the two bearings, thus minimizing strain on both the countershaft and bearings. The gear at the right-hand end of the countershaft is at all times meshed with the gear immediately above, which, in turn, is fixed to the primary power output shaft. When the splined gear on the input shaft is in the left-hand position shown in the associated drawing, the power input is applied to the left-hand countershaft gear at a reduced speed ratio, dependent upon the relative diameter of these two gears. This power is in turn applied through the countershaft to the right-hand countershaft gear and thence to the primary power output shaft at a reduced ratio. A secondary power output shaft, which is also parallel to the other shafts, is mounted in a vertical plane below the other shafts. This shaft carries at its right-hand end a gear which is also in constant mesh with the right-hand countershaft gear and in addition is the same diameter as the gear fixed in the casing on the inner end of the primary output shaft. This permits driving both the primary and secondary output shafts at the same speed, the torque being simultaneously applied from diametrically opposite points on the periphery of the right-hand countershaft, which points are in the plane in which all of the parallel shafts and their bearings are mounted. This arrangement also minimizes strain on the bearings and transmission casing.

The secondary output shaft, which is connected to the front-wheel drive, is provided with a spline and clutch connection so that the front-wheel drive may either be utilized or disconnected by the driver of the vehicle.

This mechanism thus provides a two-speed supplemental drive for operating the vehicle by either driving the rear wheels alone or using both front wheels and rear wheels for traction.

### The Claims in Suit

6. The claims of the patent in suit that are in issue are 5 and 8. For convenience, these claims are paraphrased as follows:

Claim 5:

A power transmission unit for automobiles comprising, as a unitary structure, a shell structure having journaled therein,

(a) a power receiving shaft connectible to the power delivery train of a motor,

(b) a power delivery shaft aligned with said power receiving shaft and connectible at its outer end with a shaft leading to rear traction wheels,

(c) an intermediate shaft and

(d) a second power delivery shaft connectible at one end with a shaft leading to front traction wheels,

a gear carried by shaft (d),

a gear carried by shaft (c) and meshing with said last mentioned gear,

a gear carried by shaft (b) and meshing with the gear carried by shaft (c),

a second gear carried by shaft (c),

a clutch carried by shaft (b),

and a gear splined upon shaft (a) and meshable with the second gear on shaft (c) or clutchable with the clutch of shaft (b).

Claim 8:

In a power transmitting mechanism,

(1) a gear casing,

(2) a power input shaft journaled in said casing and projecting away from one face thereof,

(3) a primary power output shaft journaled in said casing and axially aligned with said power input shaft,

(3a) said primary power output shaft projecting beyond the opposite face of said casing and adapted to have power taken therefrom,

(4) a secondary power output shaft journaled in said casing and disposed parallel to said first named shafts,

(4a) said secondary power output shaft projecting beyond a face of said casing and adapted to have power taken therefrom,

(5) and power transmitting means disposed in said casing, comprising

(5a) a countershaft disposed parallel to, and in the plane of said power input and output shafts,

(5b) and gears for simultaneously transmitting power from said input shaft to said primary and secondary power output shafts,

(5c) said power transmitting means being selectively operable to disconnect said power input shaft from said power output shafts,

(6) the gears on said output shafts are of the same size.

### The Alleged Infringing Structure

7. Within a period of six years preceding the filing of the petition in this case on February 20, 1948, vehicles equipped with auxiliary transmission cases (sometimes called transfer cases) were manufactured or used by or for the defendant. Some of these devices were made under the provisions of a license granted to The Timken-Detroit Axle Company and thus form the basis for the second cause of action referred to in finding 2. A copy of this is in evidence as plaintiff's exhibit 2. Others have been manufactured and used by or for the defendant without the license or consent of the plaintiff.

Plaintiff has declared on claims 5 and 8 as being infringed by the auxiliary transmission cases identified as the T-32 types which are shown in drawings, plaintiff's exhibits 3a, 3b, and 4, and on claim 8 as being infringed by the auxiliary transmission cases identified as the T-79 types shown in plaintiff's exhibits 5 and 6.

8. The T-32 and T-79 types are exemplified, respectively, by plaintiff's exhibits 3b and 5 which are here reproduced, and to which have been added for convenience legends indicating the location of the various shafts.

T-32 type
Plaintiff's exhibit 3b

In both of these types the vertical walls of the casing contain bearings supporting a series of shafts. The top shafts consist of a power input shaft and a primary output shaft in axial alignment, the power input shaft being adapted to connect to the rear end of the transmission output shaft. The primary output shaft in each case is connected to the rear wheels of the vehicle. The bottom shaft of each casing, termed the secondary output shaft, is adapted for connection to drive the front wheels of the vehicle, and the countershaft, which is located between the upper and lower shafts, as shown in plaintiff's exhibit 3b, has mounted thereon two gears, and as shown in plaintiff's exhibit 5 has mounted thereon three gears. The shafts are mounted one above the other in parallel and in the same plane. The bearings are also mounted in the walls of the casing in columnar relationship.

this member in the position shown in plaintiff's exhibit 3b, *viz.*, at the left-hand end of the spline, the gear teeth on the exterior thereof function as one member of a clutch engaging with a series of interior teeth in the gear mounted on the inside end of the primary output shaft B, thus connecting these two shafts together and forming a direct drive. This drive, in turn, is transmitted to the rear wheels of the vehicle, and may also be transmitted to the front-wheel drive by means of the gear on the left-hand end of the countershaft which, in turn, engages with the gear just below it on the left-hand end of the secondary output shaft. When the splined member on the power input shaft is shifted to the right it is declutched from the gear member on the inner end of primary output shaft B and is engaged with the larger gear on the countershaft which it then drives at a reduced speed. Power is then trans-

PRIMARY OUTPUT SHAFT B

POWER INPUT SHAFT A

COUNTER-SHAFT C

SECONDARY OUTPUT SHAFT D

T–79 type
Plaintiff's exhibit 5

9. In the T–32 type of construction shown in plaintiff's exhibit 3b there is a combined clutch and gear member splined to the power input shaft A. With mitted from the left-hand gear on the countershaft simultaneously to the gears on the primary output shaft and the secondary output shaft. As these two last-

mentioned gears are of the same size both these shafts are driven at the same speed, irrespective of whether the direct drive or the reduced speed drive is utilized. This is an essential requisite in any vehicle having the same-sized tires on both front and rear wheels.

10. The T–79 type (plaintiff's exhibit 5) differs from the T–32 type (plaintiff's exhibit 3b) in two basic respects. While having the same parallel shafts mounted in bearings in the walls of the casing, and a gear splined upon the power input shaft, that gear is not clutchable with a clutch member on the inner end of the primary output shaft, which arrangement provides for the direct drive between the power input and primary output shafts of the T–32 device shown in plaintiff's exhibit 3b. In lieu of such arrangement, the T–79 structure as shown in plaintiff's exhibit 5 has a splined gear on the power input shaft which when moved to the right-hand end of the splines as shown in plaintiff's exhibit 5, engages a clutch member located in the interior of a gear rotatably mounted on the right-hand end of the power input shaft and located just outside the splined portion thereof. When this clutching action takes place this gear then drives the gear immediately below it, which is mounted on the countershaft. The drive is then through the countershaft to the gear on the left-hand end thereof, which, in turn, drives the gear mounted on the inner end of the primary output shaft. Thus a gear drive is established down to the countershaft from the power input shaft at the right-hand end of the casing and from the countershaft up to the gear on the primary output shaft and simultaneously down to a gear on the secondary output shaft.

The other difference between the structure shown in plaintiff's exhibit 3b and that shown in plaintiff's exhibit 5 is with respect to the low-speed drive. This is obtained by driving the center gear on the countershaft from the splined gear mounted on the power input shaft. This drives the countershaft and its associated gear at the left-hand end thereof, which, in turn, drives the gears located above and below it and thus may transmit torque to both primary and secondary output shafts.

11. The phraseology of claims 5 and 8 of the patent in suit is applicable to the T–32 type construction and the phraseology of claim 8 is applicable to the T–79 type of construction.

### Prior Art

12. The following patents and publications were available to those skilled in the art more than two years prior to February 23, 1935, the filing date of the patent application which matured into the patent in suit:

"Automotive Industries", July 11, 1931 (p. 52) (defendent's exhibit 2);

"La Vie Automobile", October 2, 1929 (pp. 52–55) (plaintiff's exhibit 10);

United States patent No. 1,802,630 to Cotal, April 28, 1931 (defendant's exhibit 8);

German patent No. 437945 to Zahnradfabrik A.-G. October 31, 1925, and translation (defendant's exhibits 6 and 7);

"The Automobile Engineer", December 1931 (pp. 559–561) (defendant's exhibit 4);

United States patent No. 1,296,216 to Reif, March 4, 1919 (defendant's exhibit 3).

13. The publication "Automotive Industries" (defendant's exhibit 2) discloses an auxiliary transmission assembly used on the Marmon-Herrington Company trucks. As shown in the accompanying illustration from defendant's exhibit 2, this transmission consists of a casing containing a series of three parallel shafts. The power input is applied to the left-hand projecting end of the top shaft. Axially aligned with the input shaft is an output shaft which may be selectively coupled directly to the input shaft by means of a clutch. This output shaft is for the purpose of providing power for auxiliary power equipment and is furnished as extra equipment. This can be driven only at the speed of the input shaft.

Defendant's exhibit 2

A sliding pinion is splined on the input shaft. A second gear is also rotatably mounted on the inner end of the input shaft. A countershaft parallel to and below the input shaft has two gears fixed thereon, one of which is meshable with the sliding gear on the input shaft, and the other of which is permanently in mesh with the rotatably mounted gear on the input shaft.

A third shaft is mounted parallel to and below the countershaft, and extends beyond both sides of the gear casing, the extended ends thereof being for the purpose of connecting to and driving both front and rear axles of the vehicle. This shaft has fixed thereon and within the gear case a gear which is in mesh with the countershaft gear which, in turn, permanently meshes with the gear rotatably mounted on the input shaft.

The sliding pinion on the input shaft either meshes with the countershaft gear or clutches with the rotatable input shift gear so as to provide a two-speed drive to the front and rear axles of the vehi- cle. In this construction both front and rear axles are thus connected to their common shaft and are permanently driven by a single gear fixed on the countershaft. This patent is cited as merely illustrative of the state of the art.

14. The publication "La Vie Automobile" (plaintiff's exhibit 10) discloses a transmission which has the same gear train as the "Automotive Industries" transmission described in finding 13. It differs only in that instead of a single shaft permanently connected to the front and rear axles there are provided two separate aligned shafts which may be clutched or declutched to the single gear-receiving power from the countershaft. This arrangement permits the vehicle operator to relieve the twisting that would occur in the drive shafts if the front and rear tires were unequally inflated or loaded, and discloses the principle of declutching for the drive shafts adapted to be connected to the wheels.

15. In a simple gear ratio in which the input shaft drives a large gear mesh-

ing with a smaller gear on the output shaft, thus giving a speed-increasing drive, it is within the knowledge of the mechanic skilled in the art to provide a speed-reducing device by mounting the smaller gear on the input shaft and the larger gear on the output shaft.

As a basis for this, the defendant cites United States patent to Cotal (defendant's exhibit 8). This patent discloses a transmission having an input shaft and an output shaft connected to gearing of the planetary type. This type involves a central gear, a spider carrying a plurality of pinions meshing with the central gear and rotating about the same in a manner analogous to planets, and an outer ring gear with internal teeth with which the planet gears also mesh.

As shown in Figs. 1 and 2, such a device may be utilized either as a speed-reducing device or speed-increasing device.

16. German patent to Zahnradfabrik (defendant's exhibit 6) discloses a supplemental gear structure adapted to be installed between the engine and a conventional change gear mechanism of a vehicle. Its purpose and function is to provide an overdrive mechanism so that when desired, as in the case of light loads, the input shaft to the gearshift mechanism will be driven at more revolutions per minute than the engine shaft. It also provides for coupling the input shaft of the gear mechanism directly to the engine shaft at a 1-to-1 ratio in the case of heavier loads.

Another feature of this device, the patent drawing of which follows, is the provision of a mechanism which would permit the taking of power from an auxiliary power device which may be utilized for pumps, lifting devices, etc.

As shown in the drawing, the device is mounted upon the side of the gear casing, the shaft $c$ thereof extending into the overdrive and in alignment with a shaft $a$ which is adapted for connection with the vehicle motor through a suitable clutch. A gear $b$ is fastened integrally to the motor shaft $a$, this gear having both external teeth and internal claw teeth. The external teeth are in mesh with a countershaft gear $f$. A. slidable gear $d$ is splined on the output shaft $c$ so that when this is moved to the left it will engage the claw teeth in the interior of gear $b$, and couple shafts $a$ and $c$ directly together in a 1-to-1 ratio. With gear $d$ as in the position shown, the drive will be from the motor or input shaft $a$ through the external teeth of gear $b$ to countershaft gear $f$, thence to the larger countershaft gear $g$ and down again to the smaller gear $d$. This arrangement causes the shaft $c$, the input shaft to the gear box, to rotate at a greater speed than the motor shaft $a$.

German patent to Zahnradfabrik

A third shaft o is mounted above and in alignment with the countershaft, this shaft being for the purpose of providing an auxiliary power drive for any device such as "pumps, tippers, lifting devices, etc."

17. The defendant alleges that this German patent is an anticipation of the claims in suit. In so doing, it is necessary to make the following structural alterations in the German overdrive structure:

The input shaft from the engine, output shaft c, and auxiliary shaft o are disconnected so as to no longer perform their functions.

The overdrive device is then removed from its position between the engine and the gearshift box and is turned upside down and located to the rear of the gear box.

The shaft a, formerly the power input shaft, is then connected to drive a rear axle.

The output shaft c is next connected to function as the input shaft from the gear box.

Shaft o, formerly the shaft for driving the auxiliary device, is next connected to a front wheel drive.

The gear m which formerly served to operate the auxiliary device at high speed is next removed.

Gear wheels b and n would have to be provided with an identical number of gear teeth so that the front and rear axles would be driven at the same speed.

To make these numerous changes, in view of the state of the art prior to the filing date of the Ruggles and Smith application which materialized into the patent in suit, and to give the device of the German patent a new function not therein suggested, would be beyond the concept and the skill of the mechanic in this particular art.

This patent does not anticipate either claim 5 or 8 of the patent in suit.

18. The publication "The Automobile Engineer" (defendant's exhibit 4) describes, and discloses particularly in Fig. 3, a two-speed auxiliary transmission for use in driving both front and rear axles of a motor vehicle. As shown in this figure, which is produced, this mechanism consists of a casing containing three aligned sets of shafts located in a single plane. The input shaft from the conventional transmission is located at the bottom of the casing and is provided with a combination gear and clutch member at its inner end. A second shaft, which is in axial alignment therewith, functions as the primary output shaft to drive the rear axle. This shaft carries a gear B splined thereon, which gear, when moved from the neutral position shown to the left-hand position, engages the clutch teeth of the gear member mounted on the end of the input shaft, thus providing a direct drive from the input shaft to the rear axle.

A countershaft is located above and in alignment with the input and primary output shafts, and has mounted thereon two gear wheels. In the present instance these two gears are integrally mounted upon the ends of a hollow spoollike shaft, which, in turn, is mounted to rotate upon an internal fixed shaft by means of bearings. It is immaterial to the function of the countershaft whether this is a hollow shaft with bearings located in the interior thereof or whether the countershaft is solid and turns on bearings located exteriorly thereof. The larger or left-hand gear of the countershaft C engages the gear A of the input shaft and is continuously driven thereby.

A secondary output shaft is located above the countershaft, this shaft being connected to drive the front wheels of the car. This shaft is splined in the interior of the casing and has a gear E slidable upon the splines.

As shown in the illustration, this gear is out of mesh with a second gear D on the countershaft. With this gear in the position shown in Fig. 3, the secondary output shaft is not driven and thus power is not applied to the front wheels.

As further shown in Fig. 3, and by virtue of the clutch engagement between gear B and the combined clutch and gear

Fig. 3. Hardy auxiliary two-speed gear and front wheel drive.

*A*, power may be applied to the rear axle alone in direct drive.

The two sliding gears *B* and *E* are connected by a yoke to a single gearshift lever so that they may be moved in unison. When these sliding gears are moved from neutral position to the right into meshing relation with the second gear on the countershaft, a low-speed drive is provided to both the front and rear wheels. Gears *B* and *E* are of the same size so that there will be no undue wear upon the tires of the vehicle, and these gears, which are so located as to simultaneously receive power flow from the countershaft at diametrically opposite points, provide a "splitting" of such power flow from the countershaft.

The function and operation of the "Hardy" auxiliary transmission when operating in low-speed position is substantially identical with the function and operation of the structure described by the patent in suit when operated in the low-speed position. The various elements specified by claim 8 of the patent in suit, which is paraphrased in finding 6, are all found to be present in the Hardy structure, and claim 8 is invalid because of this publication.

19. United States patent to Reif (defendant's exhibit 3) describes a transmission providing three forward speeds and rearward for driving both the front and rear wheels of a motor vehicle. As shown in Fig. 2, which is reproduced, this consists of a casing containing three shafts which are in alignment and also in the same plane. Referring to Fig. 2, the input shaft *c* from the engine is journaled in the casing at the upper right-hand end. In axial alignment therewith is an output shaft to drive the rear wheels of the vehicle. This shaft is provided with splines upon which the slidable gears 10 and 11 are mounted. Fixed to its mid-portion is a gear 15. The slidable gear 10 is provided at its

right-hand end with a shoulder 13 which is adapted to engage a corresponding shoulder 14 formed on the adjacent end of the engine shaft. Moving gear 10 toward the right from neutral causes engagement of these shoulders, thus forming a clutch connection and providing a direct drive connection between the engine shaft *c*, the gear 10, and the shaft 2 upon which gear 10 is splined.

8 on the countershaft. With gear 10 in neutral and gear 11 moved to the right in engagement with gear 8 a still lower gear ratio is obtained in the gear box.

A shaft for driving the front wheels of the vehicle is located in the bottom of the casing and carries a gear 16 for the application of power thereto. Located on the countershaft immediately above this gear and loosely mounted thereon is a

Fig. 2 of Reif patent.

When gear 10 is moved to the left from neutral position gear 10 meshes with gear 7 mounted on a countershaft 4. The countershaft 4 is driven by means of gear 5 fixed to the engine shaft, which, in turn, meshes continuously with the gear 6. Therefore, when the combination gear and clutch 10 is moved to the left to engage gear 7 a low-speed drive is effected through engine gear 5, countershaft gears 6 and 7, and back to gear 10, which is mounted on shaft 2.

A second splined gear 11 is mounted on the shaft 2 and is selectively movable from the neutral position, in which it is shown, into engagement with the gear

gear wheel 17, the function of which is to transmit power from the gear wheel 15 located on the upper shaft to wheel 16 which transmits power to the front wheel drive. Gear wheels 15 and 16, which transmit power to the rear and front axles, respectively, are of the same size so that both of these axles are driven at the same speed.

20. Referring to finding 6, in which claim 8 has been paraphrased, elements (1) to (5a), inclusive, specify the same elements, *i. e.*, a gear casing and the same relationship of the power input shaft, the primary power output shaft, a

secondary power output shaft, and a countershaft, as found in Reif.

Items (5b) and (5c) specify the gearing in the following phraseology:

"(5b) and gears for simultaneously transmitting power from said input shaft to said primary and secondary power output shafts

"(5c) said power transmitting means being selectively operable to disconnect said power input shaft from said power output shafts"

There is nothing in the Ruggles and Smith patent that tends to give to the above word "simultaneously" any other meaning than the conventional dictionary meaning of "at the same time," and the Reif gearing, which transmits power from the input shaft to the primary and secondary power output shafts, performs this function. In Reif both the gear 10 and its associated clutch teeth on the end thereof and the gear 11 are selectively operable to disconnect the power input shaft from the power output shafts.

As has already been stated, the gears on the two output shafts of Reif, *viz.*, 15 and 16, are of the same size.

The phraseology of claim 8 of the patent in suit is found in the Reif disclosure, and this claim is invalid.

21. Claim 5 is valid and is infringed by the auxiliary transmission cases identified as the T–32 types in drawings, plaintiff's exhibits 3a, 3b and 4.

Claim 8 is invalid.

22. The parties have agreed that the questions of validity and infringement of the claims of the patent in suit be first determined upon full proofs, argument of counsel and findings of fact.

### Conclusion of Law

Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that claim 5 of plaintiff's patent No. 2,173,044 is valid and infringed and that claim 8 is invalid.

The case is remanded to a commissioner for further proceedings in accordance with this opinion.